RECORD NO. 14-1257

# In The
# United States Court Of Appeals
# For The Fourth Circuit

**FRANCIS GERARD HALL,**

*Plaintiff – Appellant,*

v.

**SHAWN R. EFIMENCO,**

*Defendant – Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

_____

## REPLY BRIEF OF APPELLANT

_____

**Dale Edwin Sanders**
ATTORNEY AT LAW
218 North Lee Street
Alexandria, VA  22314
(703) 837-1650

**Patricia A. Smith**
LAW OFFICES OF
 PATRICIA A. SMITH
500 Montgomery Street
Suite 400
Alexandria, VA  22314
(703) 548-3774

*Counsel for Appellant*       *Counsel for Appellant*

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

REPLY BRIEF OF APPELLANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    The Material Facts Are Disputed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s):

**CASES:**

Ashcroft v. al-Kidd,
    131 S. Ct. 2073 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cleveland v. Policy Management Systems Corp.,
    526 U.S. 795 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Goodwin v. Metts,
    885 F.2d 157 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Greater Baltimore Center for Pregnancy Concerns, Inc. v.
City of Baltimore,
    721 F.3d 264 (4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Henry v. United States,
    361 U.S. 98 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

McAfee v. Boczar,
    738 F.3d 81 (4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Merchant v. Bauer,
    677 F.3d 656 (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Merchant v. Fairfax Cnty,
    778 F. Supp. 2d 636 (E.D. Va. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Miller v. Prince George's County,
    475 F.3d 621 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tolan v. Cotton,
    134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014) . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTE:**

Va. Code Ann. § 18.2-174.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# REPLY BRIEF OF APPELLANT

**The Material Facts Are Disputed**

Defendant's assertion that there exist no disputed facts is a fiction.

Defendant tries to manufacture an "undisputed fact" with Jason Smith's affidavit which directly contradicts his testimony in deposition. Smith testified that he told Efimenco that Hall is an Assistant Fire Marshal:

> Q    So you explained that to Shawn Efimenco that Hall was one of those types of fire marshals that did not have arrest powers?
>
> A    Yes --
>
> MR. FRANCUZENKO: Objection.
>
> THE WITNESS:    – sir.
>
> MR. FRANCUZENKO: Mischaracterizes his prior testimony.

JA 110. Defense counsel made an unethical and improper speaking objection in an attempt to influence the witness' answer. But Smith had completed his answer.[1] There exists no evidence to support the defense contention that the witness had something more to say. Had Smith wanted to state something in addition to what he testified he could have so stated at the deposition, or he could

---

[1] It should be left to the jury to decide credibility and which version, if any, of Smith's testimony should be believed.

have stated in the affidavit that something was omitted from his answer.  Smith does neither.[2]

Furthermore the Defendant **admits** that before he sought the warrant he "already knew" that Hall was an Assistant Fire Marshal.  JA 67.  The Defendant denies this in his brief, but this is Efimenco's testimony.  The evidence, or an inference therefrom, is that the information came from Smith or Baker.  Efimenco testified

> Q    . . . you would have learned from Baker that he was an assistant fire marshal, right?
>
> A    Correct.

JA 70.  But, whether it came from Smith, from Baker through Smith or elsewhere, it is certain that Efimenco knew Hall was an Assistant Fire Marshal before he

---

[2] The affidavit attempts to argue inferences to be drawn from Smith's testimony, which is the province of the jury.  It states conclusions and not facts.  JA 29.  From all appearances, it was written by Efimenco's counsel to benefit Efimenco and offered in a self-serving attempt to manufacture an "undisputed" fact.  When considering such contradictions by a party, the courts have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity.  See the cases collected in Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999).  The same standard should apply here.  The Defendant cannot create an undisputed fact by an affidavit that contradicts the prior sworn testimony of the witness.

obtained the warrant.[3] Efimenco testified that he told Commonwealth Attorney Lustig that Hall is an Assistant Fire Marshal, and despite that fact, Lustig said he had probable cause. JA 73. Efimenco also testified that he told the magistrate the same thing, JA 61, although at his attorney's prompting, Efimenco decided not to recall details. JA 74.

**The salient point is that the facts on this very material issue are disputed.** Efimenco's testimony that he told the Commonwealth Attorney that Hall is an Assistant Fire Marshal is directly contradicted by Commonwealth Attorney Lustig. Lustig states that Efimenco did **not** tell Lustig that Hall is an Assistant Fire Marshal, JA 25-27, and the inference from the evidence is that had he known, Lustig would have told Efimenco that he had no probable cause for arrest. JA 25-27, 137.

---

[3] At one point Efimenco testified that Hall violated the impersonation statute because Hall did not tell Efimenco that he is an "**Assistant** Fire Marshal;" Hall stated just that he is a fire marshal. So, according to Efimenco, the "lie" was lack of the word "Assistant." "So where's the lie? A: . . . not saying you're an assistant, not saying whatever. You're saying you're a fire marshal." JA 70. No reasonable police officer could believe they had probable cause to arrest Hall for impersonation of a fire marshal when he knew that Hall was an assistant fire marshal.

3

## ARGUMENT

Defendant argues there are no disputed issues of **material** fact; that the Plaintiff merely argues matters that are immaterial and unimportant to resolution of the case. Defendant is plainly wrong.

What Efimenco knew when he sought the arrest warrant goes directly to whether probable cause existed for Hall's arrest. If there was no probable cause for the arrest, Defendant is not entitled to the protection of qualified immunity. At trial, a jury would be instructed on the qualified immunity defense and would be required to decide whether, viewed objectively, the facts and circumstances known to Efimenco warrant a prudent man or a reasonable man in believing that the offense of impersonation of a fire marshal had been committed by Plaintiff. See Henry v. United States, 361 U.S. 98, 102 (1959); Ashcroft v. al-Kidd, 131 S. Ct. 2073, 2080 (2011).

To have probable cause to arrest for violation of Virginia Code Ann. 18.2-174.1, a police officer would have to reasonably believe that Hall willfully pretended to be a fire marshal with intent to deceive. Efimenco had no such evidence; at best the facts are disputed on whether there existed probable cause.

For example,

- Efimenco testified the he knew Hall was an Assistant Fire Marshal at the time he sought the warrant;[4] given this party-admission alone, no reasonable person could have believed there was probable cause to arrest Hall for impersonation of (pretending to be) a fire marshal.

- Smith testified that Efimenco said that Hall showed him a badge that said fire marshal at company 2, JA 94; Efimenco testified he did not read the badge and did not know what it said.  JA 38-39.

- Deputy Chief Baker with Fairfax County testified that he told Smith that Hall is an Assistant Fire Marshal and inspector, JA 145; Smith both admitted and denied that Baker told him this.

- Smith testified that he told Efimenco that Hall is a fire marshal that did not have arrest powers, JA 110, and subsequently

---

[4] This party admission is not even mentioned by the trial court.

attempted to recant that testimony via an affidavit filed with the defendant's reply memorandum.[5] JA 29.

- ▸ Efimenco testified in deposition that he told Commonwealth Attorney Lustig that Hall was an Assistant Fire Marshal, JA 73. Commonwealth Attorney Lustig's contemporaneously prepared memorandum directly contradicts Efimenco. JA 25-27, 137. It states that Efimenco said "this individual was NOT a fire marshal in either Stafford or Fairfax; while he was an inspector in Fairfax, he was only a volunteer for Station 2 in Stafford." Efimenco testified that he told the Magistrate the same things he told CA Lustig. JA 61, 74. These disputed facts directly address whether Efimenco deliberately or recklessly omitted material facts when seeking the warrant.

- ▸ Efimenco also testified in deposition that Commonwealth Attorney Lustig told him there was probable cause to charge Hall, even though

---

[5] In a jury trial, a witness' credibility can easily be destroyed on cross examination when he attempts to recant prior sworn testimony.

      Efimenco knew that Hall was in fact an Assistant Fire Marshal. JA 73. The testimony is contradicted by Commonwealth Attorney Lustig who states Efimenco told him "this individual was NOT a fire marshal . . .". JA 25-27

▶       Efimenco testified that he told the magistrate that Hall is an inspector and not a fire marshal. JA 61. Efimenco also testified that before he obtained a warrant he "already knew" Hall was an inspector and an assistant fire marshal with the ability to issue summonses. JA 67.

Efimenco contradicts his own testimony and contradicts his witness, Smith. Baker contradicts Smith. Lustig contradicts Efimenco. Yet, as to each and every one of these disputed conversations the trial court credited only the Defendant's evidence. See JA 150, 151, 156.

    The content of each of these conversations is at the heart of what Efimenco knew – whether he knew that Hall is an Assistant Fire Marshal which would determine whether probable cause existed for an arrest for impersonation of a Fire Marshal. As this Court found in Merchant v. Bauer, in a case for unlawful arrest

7

for impersonation of a police officer, **what the defendant was told constituted a genuine issue of material fact that had to be resolved in the plaintiff's favor on the defendant's motion for summary judgment.** Merchant v. Bauer, 677 F.3d 656, 660 n. 3 & n.6 (4th Cir. 2012), quoting Merchant v. Fairfax Cnty, 778 F. Supp. 2d 636, 639 n. 14 (E.D. Va. 2011).

To decide the content of these conversations, the finder of fact would have to decide whose testimony was credible, to weigh the evidence, and to draw inferences from the evidence. A trial court is **forbidden** to perform these functions on summary judgment. The trial court's role in deciding a motion for summary judgment is to **identify** factual issues, **not to resolve them**. Tolan v. Cotton, 134 S. Ct. 1861, 188 L. Ed. 2d 895. 900-901 (2014); Greater Baltimore Center for Pregnancy Concerns, Inc. v. City of Baltimore, 721 F.3d 264 (4th Cir. 2013).

Yet, Judge Hilton did the opposite of what this Court and the Supreme Court have required. As to each of the disputed conversations and contradictions above, the trial court favored solely the evidence of the defendant; oftentimes the Plaintiff's evidence was not even mentioned. Compare JA 150-151, 156 with the contradictions listed above near notes 4-5 and accompanying text.

8

Defendant claims the trial court followed the standard for summary judgment, yet it does not and cannot point to a single factual dispute that Judge Hilton decided in the Plaintiff's favor.

The evidence cited above reveals that it is highly likely that Efimenco made false statements to the state magistrate and to the Commonwealth Attorney in seeking Hall's arrest,[6] which "suggests that [Efimenco] understood that the evidence failed the probable cause standard." McAfee v. Boczar, 738 F.3d 81, 87 (4th Cir. 2013). Efimenco deliberately or recklessly omitted material facts in obtaining the warrant.[7] See Goodwin v. Metts, 885 F.2d 157, 162 (4th Cir. 1989) (grand jury indictment will not shield an officer who deliberately supplied misleading information); Miller v. Prince George's County, 475 F.3d 621, 627 (4th Cir. 2007) (reckless disregard can be established by evidence that a police officer failed to inform the judicial officer of facts he knew would negate probable cause).

---

[6] Efimenco admitted that he knew before obtaining the arrest warrant that Hall was an Assistant Fire Marshal. JA 67. He omitted that fact when he talked with Mr. Lustig and the magistrate.

[7] This conclusion is supported by the fact that Efimenco requested a **non-releasable** warrant, served around midnight on a 62 year old long time resident of Stafford who had never previously been arrested. It is also supported by Efimenco's false statement that Hall was accusing the sheriff's office of hogtying him in the back seat of a cruiser with no air conditioning. Hall had made no such claims. JA 26.

9

## CONCLUSION

In all respects, Plaintiff fully relies upon the Brief of Appellant filed herein.

Defendant does not dispute that the right to be free from an unlawful arrest was clearly established in the law. Defendant argues only that he had probable cause to arrest the Plaintiff.

The key issue here is whether probable cause existed for the arrest of the Plaintiff. That issue cannot be decided without resolving disputes of fact and credibility of the witnesses concerning what Efimenco was told and what he knew about Hall being an Assistant Fire Marshal before he sought the warrant. In this case the trial court violated the long-standing, well-settled standards for a court's review on summary judgment. The trial court's decision rendering judgment for Defendant on qualified immunity must be reversed and the case remanded for trial by jury.

Respectfully submitted,

/s/Patricia A. Smith
PATRICIA A. SMITH, Va. Bar 26090
LAW OFFICES OF PATRICIA A. SMITH
500 Montgomery Street, Suite 400
Alexandria, Va.  22314
(703) 548-3774
(703) 859-7640
E-mail: pasmithaty@aol.com
**Counsel for Appellant Francis  Hall**

10

DALE EDWIN SANDERS
218 N. Lee Street
Alexandria, Va. 22314
(703) 837-1650
Fax: (703) 837-1620
email: dalesanders@sanders.org
**Counsel for Appellant Francis Hall**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,971</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Word Perfect</u> in <u>14 point Times New Roman</u>.

<u>/s/ Patricia A. Smith</u>
Patricia A. Smith

*Counsel for Appellant*

Dated: July 21, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Broderick C. Dunn
    Alexander Francuzenko
    COOK CRAIG &
     FRANCUZENKO, PLLC
    3050 Chain Bridge Road
    Suite 200
    Fairfax, VA  22030
    (703) 865-7480

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                /s/  Karen R. Taylor
                                Karen R. Taylor
                                GIBSON MOORE APPELLATE SERVICES, LLC
                                421 East Franklin Street
                                Suite 230
                                Richmond, VA  23219